NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

IFEOMA EZEKWO,

                        Plaintiff,

                        v.

JOSEPH G. MONAGHAN *et al.*,

                        Defendants.

Civil Action No. 21-5155 (MAS) (RLS)

**MEMORANDUM OPINION**

**SHIPP, District Judge**

    This matter comes before the Court on Motions to Dismiss filed by Defendants The Honorable Joseph G. Monaghan ("Judge Monaghan"), Court Officer Michael Guerra ("Officer Guerra"), and Bergen County Sheriff Anthony Cureton ("Sheriff Cureton"). (ECF Nos. 17, 18, 20, 23.)[1] Pro se Plaintiff Ifeoma Ezekwo ("Ezekwo") opposed and filed a proposed amended complaint. (ECF No. 33.) Officer Guerra and Sheriff Cureton replied. (ECF Nos. 34, 35.) The Court has carefully considered the parties' submissions and decides the matter without oral argument under Local Civil Rule 78.1. For the reasons below, Defendants' motions are granted.

---

[1] ECF Nos. 17 and 23 appear to be duplicate Motions by Sheriff Cureton.

I.      **BACKGROUND**[2]

    A.      **Ezekwo's Allegations**[3]

Although the Complaint is difficult to decipher, the Court discerns the following alleged facts. At some point prior to January 2020, Ezekwo had a disagreement with Defendant Yajaira Alonzo ("Alonzo") over the refund of a security deposit that Alonzo paid to lease an apartment from Ezekwo. (Compl. ¶ 8, ECF No. 1.) Alonzo requested the refund due to a delay caused by Defendant City of Englewood's refusal to inspect the apartment. (*Id.*) The Complaint identifies—and only once mentions—Defendant Tyree Balmer ("Balmer") as "the Englewood city employee who falsified warrant records with [an] Englewood municipal judge and refused to do [an] inspection for [the] tenant to move in[,] thus causing the original problem and need for refund." (*Id.* ¶ 6.)

In or about January 2020, Alonzo obtained a state court judgment against Ezekwo in the amount of $4,667, in connection with the security deposit. (*Id.* ¶ 8.) Ezekwo attempted to pay Alonzo the $4,667, but "for whatever reason [Alonzo] became belligerent, refused to take the money, [and] was threatening and abusive to" Ezekwo. (*Id.*) Ezekwo also attempted to satisfy the judgment through the state court, but Judge Monaghan "refused to accept the money." (*Id.*) The Complaint notes that the COVID-19 pandemic began soon after, and Ezekwo "never heard from [the] court again." (*Id.*)

---

[2] Ezekwo is no stranger in this District. As one court noted, Ezekwo is "[w]ithout a doubt" a "frequent filer" who "routinely and frequently submits filings that are unintelligible, duplicative, and aggressive towards the Judges presiding over [her] numerous cases." *Ezekwo v. Caliber Home Loans, Inc.*, No. 21-9936, 2022 WL 1553331, at *2 (D.N.J. May 17, 2022) (providing a non-exhaustive list of twelve other cases that Ezekwo filed in this District).

[3] For the purpose of considering the instant motions, the Court accepts as true all factual allegations in the Complaint. *See Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008).

At some point, Officer Guerra obtained a warrant to satisfy the judgment by "fil[ing] . . . false information with Judge Monaghan." (*Id.* ¶ 6.) Then, in or about March 2021, Officer Guerra began harassing Ezekwo's tenants by levying their rent payments to collect the $4,667 judgment plus an additional $636.79. (*Id.* ¶¶ 8-10.) The Complaint states that Officer Guerra worked for Sheriff Cureton, who should have notified Ezekwo of the levy but failed to do so. (*Id.* ¶ 6.) The Complaint also indicates that Ezekwo made multiple attempts to resolve the issue to no avail. (*Id.* ¶¶ 11-12.) According to the Complaint:

> [E]very attempt made by [Ezekwo] to resolve this proved futile and it became clear to [Ezekwo] that this was a hassle factor because of [an]other legal matter[s] pending with the [C]ity of Englewood where they attempted to murder [Ezekwo's] son in cold blood in the hospital and that the court officer is bent on harassment and not resolution and is bent on extorting [Ezekwo].

(*Id.* ¶ 13.)

### B. Procedural History

On March 13, 2021, Ezekwo filed this action against Alonzo, Judge Monaghan, Officer Guerra, the City of Englewood, and Balmer (collectively, "Defendants").[4] (*See generally* Compl.) Ezekwo seeks, among other relief, to compel Defendants to accept the $4,667 payment (without the additional $636.79) and one billion dollars in damages. (Compl. ¶¶ 32-40.)

---

[4] The following fifteen "violations" are listed in the Complaint: (1) Title 42 U.S. Code § 1983; (2) Title 28 U.S. Code § 1331; (3) Amendments to the U.S. Constitution and redressable pursuant to *Bivens v. Six Unknown Narcotics Agents*, 403 U.S. 388 (1971); (4) Title IX of the Civil Rights Act; (5) 1st, 4th, 5th, 8th, 9th, and 14th Amendments and Civil Rights Violations; (6) Abuse of Process; (7) Abuse of Power Under the Color of Law; (8) Blatant Discrimination; (9) Denial of Right to Motion; (10) Denial of Right to Pay Disputed Funds into Court; (11) Falsification of Information to Obtain Warrant of Levy; (12) Harassment of Business and Tenants Without Due Process and Refusal of Payment From Plaintiff; (13) Due Process Violation; (14) Extortion; and (15) Libel, Slander, and Defamation. (Compl. 1.)

On May 18, 2021, given the numerous actions filed by Ezekwo in the District of New Jersey, Chief Judge Renée Bumb ("Judge Bumb") issued a Preclusion Order prohibiting Ezekwo from filing any new action that brought claims that were already raised in other matters. (Preclusion Order, ECF No. 6.) Judge Bumb subsequently issued an Amended Preclusion Order clarifying and reiterating that the order is meant to serve as a screening mechanism to preclude Ezekwo from filing any new action that is *related* to one of the many other actions that Ezekwo has filed in this District. (Am. Preclusion Order, ECF No. 9.) In light of the Amended Preclusion Order, the Court vacated as moot an order to show cause that it previously filed and allowed this case to proceed in the normal course. (ECF No. 10.)

## II.     LEGAL STANDARD

### A.     12(b)(1) Motion to Dismiss

"A motion to dismiss . . . for lack of subject matter jurisdiction made prior to the filing of the defendant's answer is a facial challenge to the complaint." *Bennett v. City of Atl. City*, 288 F. Supp. 2d 675, 678 (D.N.J. 2003) (citations omitted). "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted).

### B.     12(b)(6) Motion to Dismiss

When deciding a motion to dismiss pursuant to Rule 12(b)(6), the Court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips*, 515 F.3d at 231 (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)). "To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

Importantly, on a Rule 12(b)(6) motion to dismiss, "the defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Nonetheless, "a litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because [he] proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

### III. DISCUSSION

#### A. Judge Monaghan and Officer Guerra Are Immune from Suit

It is well-settled that judges are absolutely immune from "civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Figueroa v. Blackburn*, 208 F.3d 435, 440 (3d Cir. 2000) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Similarly, public officials are entitled to quasi-judicial immunity for actions taken in the exercise of judicial functions. *See Catanzaro v. Davis*, 686 F. App'x 91, 94 (3d Cir. 2017) (explaining that "any public official acting pursuant to court directive is also immune from suit").

Here, the allegations against Judge Monaghan arise from his acts while presiding over Ezekwo's state court matter, and the allegations against Officer Guerra arise from his acts while enforcing the resulting judgment. (*See* Compl. ¶¶ 6-10.) So, to the extent that any claims are stated

5

against Judge Monaghan and Officer Guerra, they are for acts carried out in the performance of judicial duties.[5] (*Id.*) Ezekwo's claims against Judge Monaghan and Officer Guerra are, therefore, dismissed with prejudice.

B.  **The Complaint Fails to State a Claim Against Sheriff Cureton**

As for Sheriff Cureton, the Complaint fails to state a plausible claim for relief. It blames Sheriff Cureton for Officer Guerra's actions and posits that Sheriff Cureton should have notified Ezekwo of the levy. (Compl. ¶ 6.) In moving to dismiss, Sheriff Cureton asserts that he cannot be held liable for Officer Guerra's alleged misconduct because Officer Guerra is not employed by the Bergen County Sheriff's Office, as Ezekwo appears to believe. (Cureton's Moving Br. 8-9, ECF No. 23-3.) Ezekwo fails to address this fact in opposition. The Court, therefore, dismisses the claims against Sheriff Cureton.

C.  **Ezekwo May File an Amended Complaint**

The Court will allow Ezekwo to file an amended complaint.[6] Should Ezekwo choose to amend, Ezekwo should: (1) refrain from including conclusory statements, legal arguments, and citations to case law; (2) refrain from grouping any remaining defendants together and instead indicate what factual allegations support each cause of action and which specific defendant(s) each count is alleged against; and (3) indicate what the basis is for the claim(s) against Sheriff Cureton,

---

[5] The Complaint lists fifteen "violations" but never attempts to indicate against whom the claims are specifically being made, which specific alleged facts relate to the purported claims, and how they are so related. (*See generally* Compl.)

[6] The Court declines to consider the sprawling 96-page proposed amended complaint that Ezekwo improperly submitted. (*See* Am. Compl., ECF No. 33-1.) The proposed amended complaint is verbose, confusing, and conclusory. (*See id.*) It also contains impermissible group pleadings and citations to case law and argument. (*Id.* 14-95.)

considering Sheriff Cureton's representation that he has no authority over Officer Guerra because Officer Guerra is not employed by the Bergen County Sheriff's Office.

Lastly, given the repeated references to other litigation involving the City of Englewood and its employees, the Court reminds Ezekwo that she may not file a new action that brings claims that were already raised in other matters. The Court will screen Ezekwo's proposed amended complaint, should Ezekwo file one. If it appears that Ezekwo is in fact raising claims that are the subject of other matters, the Court will order Ezekwo to show cause as to why this action should not be dismissed pursuant to the Amended Preclusion Order.

## IV.   CONCLUSION

For the above reasons, Judge Monaghan, Officer Guerra, and Sheriff Cureton's motions are granted. An Order consistent with this Memorandum Opinion will follow.

                                                                **MICHAEL A. SHIPP**
                                                                 **UNITED STATES DISTRICT JUDGE**